UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

ROBERT WALK,

   Plaintiff,

  v.

UNDER ARMOUR, INC.,

   Defendant.

Case No.: EDCV 20-00565-CJC (SHKx)

**ORDER *SUA SPONTE* REMANDING CASE TO SAN BERNARDINO COUNTY SUPERIOR COURT**

On January 14, 2020, Plaintiff Robert Walk filed this action in San Bernardino County Superior Court against Defendant Under Armour, Inc. (Dkt. 1-1 [Complaint, hereinafter "Compl."].) Plaintiff alleges that on September 24, 2018, he severed the tip of his pinky finder while working as a Maintenance Mechanic for Defendant. (*Id.* ¶ 10.) According to Plaintiff, he was unfairly blamed for the accident and fired. (*Id.* ¶¶ 10–13.) Plaintiff asserts six state law causes of action for (1) disability discrimination, (2) failure to accommodate disabilities, (3) retaliation, (4) failure to engage in the interactive

-1-

process, (5) wrongful termination, and (6) unfair business practices. (*Id.* ¶¶ 23–96.) He seeks compensatory and punitive damages, lost earnings, and fees. (*Id.* at 13–14.) On March 18, 2020, Defendant removed, invoking diversity jurisdiction. (Dkt. 1 [Notice of Removal, hereinafter "NOR"].)

A defendant may remove a civil action filed in state court to a federal district court if the federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441. Federal courts have diversity jurisdiction over cases that are between diverse parties and involve an amount in controversy that exceeds $75,000. 28 U.S.C. § 1332. Principles of federalism and judicial economy require courts to "scrupulously confine their [removal] jurisdiction to the precise limits which [Congress] has defined." *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941). Indeed, "[n]othing is to be more jealously guarded by a court than its jurisdiction." *See United States v. Ceja-Prado*, 333 F.3d 1046, 1051 (9th Cir. 2003) (internal quotations omitted). The defendant removing the action to federal court bears the burden of establishing that the district court has subject matter jurisdiction over the action, and the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). A defendant's notice of removal must include a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

Federal courts have a duty to examine their subject matter jurisdiction whether or not the parties raise the issue. *See United Investors Life Ins. Co. v. Waddell & Reed, Inc.,* 360 F.3d 960, 966 (9th Cir. 2004) ("[A] district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments."). "The court may—indeed must—remand an action *sua sponte* if it determines that it lacks subject matter jurisdiction." *GFD, LLC v. Carter*, 2012 WL 5830079, at *2 (C.D. Cal. Nov. 15, 2012).

Defendant has not carried its burden of plausibly alleging that over $75,000 is in controversy. *See Dart Cherokee Basin Op. Co., LLC v. Owens*, 574 U.S. 81, 88–89 (2015); *Gaus*, 980 F.2d at 566. In its Notice of Removal, Defendant does not identify any specific facts or allegations relevant to the amount in controversy. Instead, Defendant lists the types of damages Plaintiff seeks and—citing a case from the Fifth Circuit—asserts that "it is facially apparent from the Complaint that the amount in controversy is satisfied." (NOR ¶¶ 16–17 [citing *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003)].) The Court disagrees. On its face, the Complaint does not establish that the jurisdictional threshold has been met. It is entirely silent on the amount of damages Plaintiff seeks, and includes no information about Plaintiff's wages, income, benefits, or medical expenses, or the potential basis for punitive damages. (*See generally* Compl.)

Defendant next argues that because juries have awarded more than $75,000 in purportedly "similar" disability discrimination cases, the amount-in-controversy requirement must be satisfied here. (*See* NOR ¶¶ 18–20.) Defendant lists the damages awarded in these cases, but does not offer any details to explain *why* they are analogous to the case at hand. (*See id.*) Nor does Defendant attempt to estimate the damages at issue by identifying Plaintiff's previous wages or income. (*See id.*) Without any supporting facts or details, the Court cannot assume that the instant case is, in fact, "similar" to the cited cases. Accordingly, the Court finds that Defendant has failed to carry its burden of plausibly establishing this Court's removal jurisdiction, which is strictly construed against removal. *See Gaus*, 980 F.2d at 566.

Courts in this district have found that defendants who provided significantly more details nevertheless failed to meet their burden of plausibly alleging the amount in controversy. For example, one court found that allegations regarding the plaintiff's hourly rate were insufficient without details about the number of hours worked.

*Merricks-Barragan v. Maidenform, Inc.*, 2011 WL 5173653, at *3 (C.D. Cal. Oct. 31, 2011). Here, the Defendant has not provided *any* information about plaintiff's compensation. *Cf. id.*; *see also Dupre v. Gen. Motors*, 2010 WL 3447082, at *4 (C.D. Cal. Aug. 27, 2010) (holding that the amount-in-controversy requirement was not satisfied where defendant's calculations were "based on many assumptions that leave the court to speculate as to the value of too many variables").

"Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. Accordingly, the Court *sua sponte* **REMANDS** this case to San Bernardino County Superior Court.

DATED: March 30, 2020

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE